Argued April 21, affirmed May 18, petition for rehearing denied
June 13, petition for review denied July 25, 1972

STATE ex rel HAYNES, *Respondent, v.*
NEDERHISER, *Appellant.*

497 P2d 212

*Morton A. Winkel,* Portland, argued the cause and filed the briefs for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab,* Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

This is an appeal from the result of a filiation proceeding in which a jury found that defendant, a minor born February 20, 1952, was the father of relator's child and the trial court ordered defendant to pay support and birth-connected expenses. Defendant assigns three errors: (1) that the minor was not served with citation and petition, (2) that the minor was not represented by a properly appointed guardian ad litem, and (3) that the testimony of a deputy district attorney was improperly obtained and improperly admitted into evidence.

There is no merit in any of these assignments.

The first assignment questioned the jurisdiction of the court because the record did not show the service of citation and petition upon defendant. Proper service had, in fact, been made. Subsequent to the time of trial and notice of appeal the return, showing service of the order and petition to have been made upon defendant

---

* Schwab, C.J., did not participate in this decision.

on August 6, 1970, found its way into the trial court file, so that it is before this court as part of the record on appeal. That document renders this assignment moot.

Defendant's second assignment urges that defendant was not represented by a properly appointed guardian ad litem. ORS 13.041 provides:

"When a minor * * * is a party to any action, suit or proceeding * * * [i]f the minor does not have a general guardian, he shall appear by a guardian ad litem appointed by the court. The court shall appoint some suitable person to act as such guardian ad litem:

"* * * * *

"(2) When the minor is defendant, upon application of the minor, if the minor is 14 years of age or older, filed within the period of time specified by law for appearance and answer after service of summons, or if the minor fails so to apply * * * upon application of any other party or of a relative or friend of the minor."

At the commencement of the trial the defendant himself, through his counsel, moved to have defendant's mother appointed as his guardian ad litem, and the court accommodated.

■ Defendant contends that the defendant could not apply for a guardian ad litem under the above statute because he was required to do so "within the period of time specified by law for appearance." We do not agree with this interpretation of the statute. A proper construction is that only the defendant may apply within the time specified for filing an appearance, and thereafter, in addition to defendant, the persons designated may apply for the appointment of such guardian ad litem.

■ Defendant complains that there was no opportunity for the appointed guardian ad litem to adequately protect the minor's interest. The minor was represented by counsel,[1] no request was made for a continuance, and there is no showing whatever that there was any failure to protect the minor's interest. Plaintiff's three witnesses were effectively cross-examined and defendant introduced evidence from eight witnesses besides himself in his defense.

■ In connection with defendant's third assignment, a deputy district attorney testified at the trial to admissions made to him by defendant when he interviewed the defendant at school. There was no suggestion of overreaching or improper conduct of any kind. Defendant objected at only one point in the attorney's testimony and there did not specify his ground of objection. We will therefore not consider it, or the other grounds urged by defendant for the first time on appeal. Examination of the record discloses that the evidence as to defendant's paternity of the child was fairly presented, and the jury verdict suggests it was convincing.

Affirmed.

---

[1] The Oregon Juvenile Law Handbook, § 13.11 (1970), questions the need for a guardian ad litem, for example, in juvenile proceedings where the minor is represented by an attorney:

"The Oregon Juvenile Code does not provide, in specific language, for the appointment of a guardian ad litem. However, ORS 419.494 gives the juvenile court power to appoint some suitable person to appear in behalf of the child. Thus, if a child's natural or court-appointed guardian cannot or will not appear, then the court may appoint a guardian ad litem to appear in behalf of the child. *If a child is represented by counsel, a guardian ad litem would seem unnecessary.*" (Emphasis supplied.)